IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-40410
_____


UNITED STATES OF AMERICA,

                        Plaintiff-Appellee,

v.

GERMAN DUQUE,

                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(G-95-CV-457)
_____
July 30, 1998
Before KING, SMITH, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Defendant-appellant German Duque appeals the district

court's denial of his motion to vacate, set aside, or correct his

sentence.  For the reasons set forth below, we vacate the

judgment of the district court and remand the case for an

evidentiary hearing on the issues of (1) whether Duque was

informed of his right to appointed counsel on appeal and (2)

---

[*]     Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

whether Duque was correctly informed of his right to appeal his sentence.

## I.  FACTUAL & PROCEDURAL BACKGROUND

In November 1990, defendant-appellant German Duque, along with several others, was indicted in a four-count indictment. Duque was named in three of the counts:  (1) conspiracy to possess with intent to distribute more than five kilograms of cocaine (Count One), (2) possession with intent to distribute cocaine (Count Two), and (3) using and carrying a firearm during and in relation to the drug trafficking crimes (Count Four). Duque retained attorney John L. Mendoza to represent him.

Pursuant to a written plea agreement, Duque pleaded guilty to Count One of the indictment.  In exchange for the plea, the government dismissed Counts Two and Four of the indictment, agreed to stipulate that Duque accepted responsibility pursuant to § 3E1.1 of the Sentencing Guidelines, and promised to recommend that Duque be sentenced at the bottom end of the appropriate Sentencing Guidelines range.  In the plea agreement, Duque acknowledged understanding that he faced a possible sentence of ten years to life, followed by a minimum of five years of supervised release, and a possible fine of up to $4,000,000.  Duque further stated that he understood that the court could assess any lawful sentence, including the maximum.

Over Duque's objections, the district court adopted the recommendations contained in the Presentence Investigation Report (PSR) and found that Duque's base offense level should be increased because a firearm was possessed during the commission of the offense and because Duque was an organizer or manager of the conspiracy. On April 11, 1991, the district court sentenced Duque to 292 months of imprisonment followed by five years of supervised release. The district court then informed Duque that he might have the right to appeal the sentence and instructed him to discuss that right with his attorney.[1] The prosecutor further informed Duque that he had ten days to file his notice of appeal.

Duque did not file a direct appeal, but in July 1995, he filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, alleging that he was denied his right to appeal his sentence because his attorney failed to appeal and did not explain why he had failed to do so. Duque contended that Mendoza's failure to appeal his sentence, when he had not been relieved as counsel, violated his right to effective assistance of counsel on appeal.

The government answered and requested that the court expand the record to include an affidavit from Mendoza. The government then moved for summary judgment, arguing that because, according

---

[1]     Duque apparently does not speak English well.  A translator was present during the proceedings, and Mendoza spoke to Duque in Spanish.

3

to the affidavit, Mendoza adequately advised Duque of his right to appeal, Duque waived that right by failing to assert it. Duque responded that the statements in Mendoza's affidavit were untrue, and he attempted to refute them by filing his own affidavit. Duque argued that

> [t]he only reason Mendoza failed to appeal [his] sentence, is the fact that the family failed to raise enough money to meet Mendoza's needs. Mendoza had a duty to either file the Notice of Appeal, or bring the problem to the attention of the Court.

In addition, both Duque's wife and his sister filed affidavits stating that they spoke to Mendoza after Duque's sentencing hearing about their remaining options. Although both admit that Mendoza clearly advised them that he required more money in order to pursue Duque's appeal, Duque's sister stated in her affidavit that she told Mendoza that it would be difficult for them to pay the money and that, after speaking to Mendoza, she was under the impression that he would help her brother.

The magistrate judge recommended that Duque's § 2255 motion be denied, finding that because Duque was aware of both his right to appeal and the ten-day time limit, he had waived his right to appeal. Moreover, he noted that, even accepting all of the statements in Duque's affidavit as true, Duque had made no assertion that anyone ever actually instructed Mendoza to file an appeal.

Duque objected to the magistrate judge's report and recommendation, arguing that an evidentiary hearing was required

4

and that his affidavit indicated that he made clear to Mendoza that he wanted to appeal his sentence.  The district court nevertheless accepted the report and recommendation of the magistrate judge and denied Duque's § 2255 motion.  Duque timely filed his notice of appeal.[2]

## II.  STANDARD OF REVIEW

"In challenges to district court decisions under 28 U.S.C. § 2255, we measure findings of fact against the clearly erroneous standard and questions of law de novo."  United States v. Faubion, 19 F.3d 226, 228 (5th Cir. 1994).  A district court's conclusions regarding a petitioner's claim that he received ineffective assistance of counsel are "mixed questions of law and fact and, thus, also subject to de novo review."  Id.  We will generally uphold a district court's factual finding that the defendant waived his right to appeal unless it is clearly erroneous.  United States v. Gipson, 985 F.2d 212, 216 (5th Cir.

---

[2]     On June 9, 1997, Duque's appeal was dismissed for want of prosecution for failure to pay the docketing fee within the time fixed by the rules.  In July 1997, this court granted Duque's unopposed motion to reinstate the appeal.  The district court thereafter granted Duque permission to proceed in forma pauperis and granted him a certificate of appealability (COA) "on the sole issue of whether his retained trial counsel rendered ineffective assistance by failing to pursue a direct appeal from Duque's conviction."  However, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2253, does not apply to § 2255 petitions filed prior to April 24, 1996.  See Lindh v. Murphy, 117 S. Ct. 2059, 2068 (1997).  As Duque filed his § 2255 motion in July 1995, he did not need a COA in order to appeal its denial; the district court's issuance of a limited COA is therefore irrelevant.  See United States v. Roberts, 118 F.3d 1071, 1072 (5th Cir. 1997).

1993).  "However, we are not bound to accept the district court's finding of waiver if it was influenced by an incorrect view of the law."  <u>Id.</u>

### III.  DISCUSSION

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that his counsel's performance was both deficient and prejudicial.  <u>Strickland v. Washington</u>, 466 U.S. 668, 690, 692 (1984); <u>Gipson</u>, 985 F.2d at 215.  In order to demonstrate deficient performance, the petitioner must show that his counsel's actions "fell below an objective standard of reasonableness."  <u>Id.</u> at 688.  However, "a petitioner need not prove prejudice under <u>Strickland</u> when the actions complained of resulted in the actual or constructive denial of the assistance of counsel altogether."  <u>Childs v. Collins</u>, 995 F.2d 67, 68 (5th Cir. 1993); <u>see also</u> <u>Gipson</u>, 985 F.2d at 215 ("In the context of the loss of appellate rights, prejudice occurs where a defendant relies upon his attorney's unprofessional errors, resulting in the denial of his right to appeal.").

A criminal defendant has a constitutional right to effective assistance of counsel in his first appeal as of right.  <u>See</u> <u>Evitts v. Lucey</u>, 469 U.S. 387, 393-96 (1985); <u>Hamilton v. McCotter</u>, 772 F.2d 171, 181 (5th Cir. 1985).  Thus, "[i]f a petitioner can prove that the ineffective assistance of counsel denied him the right to appeal, then he need not further

6

establish--as a prerequisite to habeas relief--that he had some chance of success on appeal."  Gipson, 985 F.2d at 215.

Appellate counsel's role is to "provide information on how to appeal and the opportunity to do so," but it is up to the client "to make the final decision as to take or not take the appeal."  Faubion, 19 F.3d at 231.  Thus, "[a] defendant properly informed of his appellate rights may not 'let the matter rest,' and then claim that he did not waive his right to appeal."  Norris v. Wainwright, 588 F.2d 130, 134-35 (5th Cir. 1979) (citation omitted) (quoting Worts v. Dutton, 395 F.2d 341, 344 (5th Cir. 1968)); see also Childs, 995 F.2d at 69 (quoting Norris).  This is so because the right to appeal

> is not a negative right to be used as a shield against
> government intrusion.  Instead, it is a positive right
> that must be affirmatively exercised.  Consequently,
> waiver of the right to appeal requires only that there
> be a knowledge of the right to appeal and a failure to
> make known the desire to exercise that right.

Childs, 995 F.2d at 69.

Duque claims that "Mr. John Mendoza advised [him that] he had no ground for an appeal, whithout [sic] any explaination [sic].  The defendant did not know how or when to exercise his right to appeal, because his lawyer . . . refused to take an appeal, when it was not his choice."  Construing Duque's argument broadly in deference to his pro se status, he raises two points

7

of error that we must address.[3]  See Maleng v. Cook, 490 U.S. 488, 493 (1989); Pleasant v. Texas, 134 F.3d 1256, 1258 (5th Cir. 1998).  First, it appears that Duque may not have been informed of his right to appointed counsel on appeal; second, it is not clear whether Duque was fully or correctly informed of his right to appeal his sentence.

The government asserts that there was no ineffective assistance of counsel because "Duque was advised of the right to appeal, the procedure for perfecting appeal, and the time limit for perfecting it."  However, the government makes no mention of whether Duque was ever informed of his right to appointed counsel on appeal.  The government also contends that Mendoza's advice regarding Duque's right to appeal his sentence was reasonable.  We address each of these issues in turn.

First we consider whether an evidentiary hearing is necessary to determine whether Duque was adequately informed of his right to appointed counsel on appeal if he could not afford to retain counsel at his own expense.  At the sentencing hearing, the district court stated that Duque "may well have the right to appeal the sentence" and instructed him to confer with his

---

[3]  Duque also raises several substantive points of error regarding his sentence and his counsel's performance at the sentencing hearing.  As we conclude that Duque is entitled to an evidentiary hearing to determine whether he should be granted an appeal out-of-time, we do not address these issues.  Should Duque be entitled to an appeal out-of-time, he may raise in that proceeding any points of error that he has properly preserved for appeal.

attorney about what his rights were and "what the best course of action would be."  In addition, the prosecutor reminded Duque of the ten-day time limit.  However, there is no indication in the record that the court informed Duque that, on appeal, he was entitled to be represented by appointed counsel if he could not afford to hire an attorney.[4]  Moreover, in his affidavit, Mendoza does not claim to have informed Duque of his right to appointed counsel on appeal.

Finally, the report and recommendation of the magistrate judge indicates that he did not consider whether Duque was informed of his right to appointed counsel.  The report states, "Duque knew of his right to appeal and knew of the ten day period of time in which to exercise it; the District Court provided this information at sentencing.  This is all the Constitution requires."  However, we have held that the Constitution requires

---

[4]     In fact, the only mention the court ever made of Duque's right to counsel on appeal was in the following statement at the rearraignment:

> [I]n the event that I elect to depart from the guidelines either upwards or downward, let me admonish you that you would have the right to appeal in certain circumstances and you would, of course, have the right to counsel and the assistance of counsel in the preparation of any such appeal[.]

This statement alone was not adequate to notify Duque of his right to appointed counsel on appeal because the court mentions only Duque's right to appeal "in the event that [the court] elect[s] to depart from the guidelines," which the court did not do.  Moreover, the court's statement did not make clear that Duque was entitled to appointed counsel should he be unable to afford to pay his then-current attorney to pursue his appeal.

9

that "the client be advised not only of his right to appeal, but also of the procedure and time limits involved and <u>of his right to appointed counsel on appeal</u>." <u>Childs</u>, 995 F.2d at 69 (emphasis added); <u>see also</u> <u>Faubion</u>, 19 F.3d at 231. Thus, Duque is entitled to an evidentiary hearing on the issue of whether he was informed of his right to appointed counsel on appeal.

The second issue we must address is whether Duque was fully informed of his right to appeal his sentence. Duque claims that Mendoza "advised the defendant he had no ground for an appeal, whithout [sic] any explaination [sic]." Mendoza's affidavit states that, immediately following the district court's pronouncement of Duque's sentence, he informed Duque that

> under circumstances such as these, he could appeal his sentence if the Court made an upward departure, without a factual or legal basis, from the Guideline Range reflected by the facts of his case as applied to the Guideline Tables. In this case, the Court imposed the minimum 292 months in a Level 40 matter, and it was counsel's opinion that no viable grounds for appeal would lie.

The government contends that Mendoza's advice was a reasonable interpretation of 18 U.S.C. § 3742(a) which explains a criminal defendant's right to appeal his sentence. However, a defendant may appeal the factual findings underlying the district court's enhancement of his sentence as well as the court's application of the Sentencing Guidelines to those facts. <u>See, e.g.</u>, <u>United States v. Thomas</u>, 120 F.3d 564, 574 (5th Cir. 1997) (appeal of a sentence enhancement based on § 3B1.1(c) of the Sentencing

10

Guidelines); <u>United States v. Paulk</u>, 917 F.2d 879, 881 (5th Cir. 1990) (appeal of sentence enhancement based on § 2D1.1(b)(1) of the Sentencing Guidelines).

In this case, the district court fully adopted the findings in the PSR and enhanced Duque's sentence four levels based on the PSR's finding that Duque was a leader or organizer and that a gun was possessed in connection with the offense. Duque was entitled to appeal the findings supporting the court's enhancement of his offense level and the application of the Sentencing Guidelines to those findings if he so chose.[5] See <u>Faubion</u>, 19 F.3d at 231 ("The attorney's role . . . is to provide information on how to appeal and the opportunity to do so; the client's role is to make the final decision as to take or not to take the appeal."). As it is unclear whether Mendoza fully explained Duque's right to appeal the enhancement of his sentence, we conclude that Duque is also entitled to an evidentiary hearing on this issue.[6]

---

[5] We express no opinion as to the merits of such an appeal.

[6] We emphasize that Duque is only entitled to an appeal out-of-time if the district court finds that Mendoza advised him that he was not entitled to appeal his sentence because the district court did not depart upward. In contrast, should the district court conclude that Mendoza was merely given arguably bad legal advice regarding his chances of success on appeal of the enhancements, then he is not entitled to an appeal out-of-time. This is so because, where the alleged ineffective assistance of counsel does not rise to the level of effectively depriving a defendant his right to appeal, he must show that he was prejudiced by the advice in order to receive an appeal out-of-time. See <u>Strickland</u>, 466 U.S. at 690, 692; <u>Gipson</u>, 985 F.2d at 215. Duque has made no showing that Mendoza's advice

11

## IV. CONCLUSION

For the foregoing reasons, we REVERSE the judgment of the district court and REMAND the case for an evidentiary hearing on the issues of (1) whether Duque was informed of his right to appointed counsel on appeal and (2) whether Duque was correctly informed of his right to appeal his sentence. If the district court concludes that Duque was deprived of either of these pieces of information, then he is entitled to an appeal out-of-time.

---

prejudiced him to the extent contemplated by Strickland.